# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------- x

SANTO FAVANO,

                                          Plaintiff,

        -against-

AIR ITALY S.p.A.,

                                       Defendant.

**SUMMONS**

Index No: _____

Date Index No. Purchased:

March 17, 2020

------------------------------------------------------------------- x

TO THE ABOVE NAMED DEFENDANT:

      You are hereby summoned and required to serve upon Plaintiff's attorneys an answer to the Complaint in this action within twenty days after the service of this summons, exclusive of the day of service, or within thirty days after service is complete if this summons is not personally delivered to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

      The Plaintiff designates the County of Queens as the proper venue for the trial of this action.

Dated: New York, New York
March 17, 2020

**LAZARE POTTER GIACOVAS & MOYLE LLP**

By: /s/ Robert A. Giacovas
    Robert A. Giacovas
    Jacob A. Englander

    747 Third Avenue, 16th Floor
    New York, NY 10017
    (212) 758-9300
    rgiacovas@lpgmlaw.com
    jenglander@lpgmlaw.com
    *Attorneys for Plaintiff Santo Favano*

To:

AIR ITALY S.p.A.
Centro Direzionale, Aeroporto
Costa Smeralda
Olbia, Italy 07026

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
----------------------------------------------------------------------- x

SANTO FAVANO,

                       Plaintiff,

      -against-

AIR ITALY S.p.A.,

                       Defendant.

----------------------------------------------------------------------- x

**COMPLAINT**

Index No:

Plaintiff, SANTO FAVANO ("Plaintiff" or "Favano") by his attorneys, LAZARE POTTER GIACOVAS & MOYLE LLP ("LPG&M"), brings this action against AIR ITALY S.p.A ("Defendant" or "Air Italy"):

## NATURE OF THE ACTION

1. This action arises from Defendant's failure and refusal to pay Plaintiff his vested, non-discretionary bonus subsequent to his termination by Defendant, as well as Defendant's failure and refusal to pay Plaintiff his accumulated sick and vacation days subsequent to his termination.

2. Defendant's actions constitute a breach of Plaintiff's employment agreement and a violation of the New York Labor Law.

3. As a direct result of Defendant's wrongful refusal to make these payments, Plaintiff has suffered monetary damages in the amount of no less than $347,127, plus statutory attorneys' fees and liquidated damages.

## THE PARTIES

4. Plaintiff Santo Favano is an individual and former Vice President of Operations of the Americas for Air Italy, who worked for Defendant out of John F. Kennedy International Airport ("JFK Airport") in Queens County.

5. Defendant Air Italy, formerly known as Meridiana fly, S.p.A. ("Meridiana") is a privately owned airline, organized under the laws of Italy. It is 49% owned by Qatar Airways.

6. Though Defendant is headquartered in Sardinia, Italy, during all times relevant to this action, it conducted business in the City and State of New York from its base of operations at JFK Airport.

7. On February 11, 2020, Air Italy went into voluntary liquidation (not bankruptcy).

## VENUE

8. Venue is proper in the County of Queens, because a substantial part of the events or omissions giving rise to the claim occurred in Queens County.

## BACKGROUND

9. Since 2005, Plaintiff has been employed in a senior role for the Defendant (and its predecessors, Eurofly[1] and Meridiana), and since that time has been responsible for running Defendant's North American operations.

10. On January 1, 2017, Plaintiff entered into an employment agreement (the "Employment Agreement") with Air Italy's predecessor, Meridiana, holding the title of Director of Operations of North America.

---

[1] Eurofly merged with Meridiana in 2010. In 2018, Meridiana was re-branded as Air Italy.

11. In March 2018, Meridiana was re-branded as Air Italy.[2] Subsequent to March 2018, Plaintiff's Employment Agreement remained in effect with Air Italy on the same terms and conditions, although his title later changed to Vice President of Operations of the Americas.

12. Under the Employment Agreement, Plaintiff was entitled to a base salary of $150,000, paid bi-weekly.

13. The Employment Agreement also required Defendant to pay Plaintiff an annual bonus equal to 4% of the revenue generated by Air Italy's North American Call Center and Airports Ticket Sales (i.e. tickets and ancillary sales) in each calendar year, with the amount of the bonus capped at $150,000 annually.

14. The Employment Agreement specifically states that "[Air Italy] **will pay** Favano an annual bonus" as calculated in the preceding paragraph. As such, the payment of Plaintiff's annual bonus is non-discretionary.

15. Under the Employment Agreement, payment of the bonus is also due in the event of Plaintiff's termination, regardless of the reason for termination.

16. During calendar year 2019, and specifically, from January 1, 2019 through October 3, 2019, Plaintiff made sufficient ticket and ancillary sales to entitle him to the maximum bonus of $150,000 for calendar year 2019.

17. As of October 3, 2019, Plaintiff's $150,000 bonus had already vested.

18. On October 3, 2019, Defendant terminated Plaintiff alleging that cause existed for the termination. Plaintiff disputes the characterization of his termination as "for cause" and denies any wrongdoing.

---

[2] Reference to Air Italy shall include reference to Meridiana and its predecessors.

3

19. On information and belief, Defendant terminated Plaintiff for economic reasons having nothing to do with his performance, as confirmed by Defendant's sudden decision to voluntarily liquidate operations within months of its purported "for cause" termination of Plaintiff.

20. Notwithstanding his termination, Plaintiff is entitled to, and Defendant is obligated to pay him, his full $150,000 bonus for calendar year 2019, which is a vested, non-discretionary bonus.

21. Defendant has failed and refused to pay Plaintiff any of the bonus to which he is entitled under the Employment Agreement.

22. Under his Employment Agreement, Plaintiff was entitled to 30 paid vacation days for each calendar year of employment. Plaintiff was also entitled under the Employment Agreement to either carry over any unused vacation days in any calendar year to the following calendar year or elect to be paid out in each calendar year for any unused vacation days in that year.

23. In addition, Air Italy's longstanding custom and practice was to allow senior executives such as Plaintiff to carry over unused vacation time from year to year.

24. At the time of his termination on October 3, 2019, Plaintiff had accumulated 150 unused vacation days.

25. The 150 unused vacation days amount to $86,535 in unpaid compensation.

26. In addition, under his Employment Agreement, Plaintiff was entitled to 30 paid sick days in each calendar year and any unused sick days were carried over without restriction or limitation from one calendar year to the next.

27. At the time of his termination on October 3, 2019, Plaintiff had accumulated 192 unused sick days.

28. The 192 unused sick days amount to $110,592 in unpaid compensation.

29. Air Italy's longstanding custom and practice is to pay out the full amount of an employee's unused vacation and sick days at the time of an employee's separation from employment.

30. Plaintiff's Employment Agreement does not exclude or otherwise prohibit payment of the full amount of unused vacation and sick days to an employee who is terminated for cause (or any other reason).

31. Defendant has failed and refused to pay any of the $86,535 in unused vacation days to Plaintiff.

32. Defendant has also failed and refused to pay any of the $110,592 in unused sick days to Plaintiff.

### AS AND FOR A FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT (UNPAID BONUS)

33. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32."

34. Defendant's refusal to pay Plaintiff any of his vested, non-discretionary $150,000 bonus for calendar year 2019 upon his termination constitutes a breach of the Employment Agreement.

35. As a direct result of Defendant's breach, Plaintiff has suffered monetary damages in the amount of $150,000.

### AS AND FOR A SECOND CAUSE OF ACTION FOR VIOLATION OF NEW YORK LABOR LAW § 193

36. Plaintiff repeats and realleges each and every allegation contained in paragraph "1" through "32".

37. Plaintiff's $150,000 bonus earned between January 1, 2019 and October 3, 2019 is a vested, non-discretionary bonus which constitute earned wages under the New York Labor Law ("NYLL").

38. Plaintiff's refusal to pay Plaintiff his $150,000 bonus constitutes an unlawful deduction of his earned wages, in violation of NYLL § 193.

39. As a direct result of Defendant's violation of NYLL § 193, Plaintiff has suffered monetary damages in the amount of $150,000.

40. Pursuant to NYLL § 198(1-a), Plaintiff is entitled to recover his reasonable attorneys' fees in bringing this action.

41. In addition, because Defendant's unlawful deduction of Plaintiff's wages was not made in good faith, under NYLL § 198(1-a) Plaintiff is also entitled to an additional amount of liquidated damages equal to 25% of the wages found to be due (i.e. $37,500).

## AS AND FOR A THIRD CAUSE OF ACTION FOR BREACH OF CONTRACT (UNPAID VACATION AND SICK DAYS)

42. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "32".

43. Defendant's refusal to pay Plaintiff any of his accumulated, unused vacation days or sick days constitute a breach of his Employment Agreement.

44. As a direct result of Defendant's breach, Plaintiff has suffered monetary damages in the amount of $197,127.

## JURY TRIAL

Plaintiff demands a trial by jury of all issues and claims in this action that are so triable.

6

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands judgment against Defendant in the sum of no less than $347,127, together with interest, costs, disbursements, attorneys' fees, an additional amount of liquidated damages equal to $37,500, and such other and further relief as the Court deems just and proper.

Dated:   New York, New York
         March 17, 2020

                                        **LAZARE POTTER GIACOVAS &
                                        MOYLE LLP**

                               By:      /s/ Robert A. Giacovas
                                        Robert A. Giacovas
                                        Jacob A. Englander
                                        747 Third Avenue, 16th Floor
                                        New York, NY 10017
                                        (212) 758-9300
                                        rgiacovas@lpgmlaw.com
                                        jenglander@lpgmlaw.com

                                        *Attorneys for Plaintiff Santo Favano*